01

02

03

04

05                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
06                                   AT SEATTLE

07  JEFFREY ALLAN EARHEART,                    )
                                               )   CASE NO. C13-2007-MAT
08              Plaintiff,                      )
                                               )
09              v.                             )   ORDER RE: SOCIAL SECURITY
                                               )   DISABILITY APPEAL
10  CAROLYN W. COLVIN, Acting                  )
    Commissioner of Social Security,           )
11                                             )
                Defendant.                     )
12  _____ )

13          Plaintiff Jeffrey Allan Earheart proceeds through counsel in his appeal of a final

14  decision of the Commissioner of the Social Security Administration (Commissioner).   The

15  Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a

16  hearing before an Administrative Law Judge (ALJ).   Having considered the ALJ's decision,

17  the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

18                      **FACTS AND PROCEDURAL HISTORY**

19          Plaintiff was born on XXXX, 1975.[1]   He completed the ninth grade of school and did

20  not obtain a GED.   (AR 58-59.)   Plaintiff previously worked as forklift driver/industrial truck

21  _____

22          1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
    Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case
    Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

ORDER
PAGE -1

01   driver, panel builder, material handler, and truss builder.   (AR 27, 68.)

02          Plaintiff filed his DIB application in January 2011, alleging disability beginning

03   January 20, 2010.   (AR 164-65.)   His application was denied initially and on reconsideration,

04   and he timely requested a hearing.

05          ALJ Laura Valente held a hearing on July 13, 2012, taking testimony from plaintiff, a

06   lay witness, and a vocational expert (VE).   (AR 33-76.)   On August 3, 2012, the ALJ issued a

07   decision finding plaintiff not disabled.   (AR 19-29.)   Plaintiff timely appealed.

08          On September 24, 2013, the Appeals Council denied plaintiff's request for review (AR

09   1-6), making the ALJ's decision the final decision of the Commissioner.   Plaintiff appealed

10   this final decision of the Commissioner to this Court.

11                                    **JURISDICTION**

12          The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

13                                    **DISCUSSION**

14          The Commissioner follows a five-step sequential evaluation process for determining

15   whether a claimant is disabled.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).   At step one, it

16   must be determined whether the claimant is gainfully employed.   The ALJ found that plaintiff

17   had not engaged in substantial gainful activity since the alleged onset date.   At step two, it must

18   be determined whether a claimant suffers from a severe impairment.   The ALJ found

19   plaintiff's ankylosing spondylosis (AS), spondylosis, affective disorder, and anxiety disorder

20   severe.   Step three asks whether a claimant's impairments meet or equal a listed impairment.

21   The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

22          If a claimant's impairments do not meet or equal a listing, the Commissioner must

ORDER
PAGE -2

01  assess residual functional capacity (RFC) and determine at step four whether the claimant has

02  demonstrated an inability to perform past relevant work.   The ALJ found plaintiff had the RFC

03  to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following exceptions:   he

04  can sit for two hours at a time with usual and customary breaks for six hours total; he can

05  stand/walk for one hour at a time after which he needs to change positions for a few minutes,

06  but not away from the workstation, for four hours total; and he can perform all postural

07  activities occasionally except that he can frequently balance.   The ALJ also found plaintiff had

08  sufficient concentration to understand, remember, and carry out simple, repetitive tasks; can

09  maintain concentration, persistence, and pace in two-hour increments with usual and customary

10  breaks in an eight-hour day; can interact occasionally with supervisors; can work superficially

11  and occasionally with the general public; can work in coordination with a small group of

12  coworkers (up to five); and can work in proximity to more than five coworkers.   With this

13  RFC, the ALJ found plaintiff unable to perform his past relevant work.

14       If a claimant demonstrates an inability to perform past relevant work, the burden shifts

15  to the Commissioner to demonstrate at step five that the claimant retains the capacity to make

16  an adjustment to work that exists in significant levels in the national economy.   With

17  consideration of the Medical-Vocational Guidelines and the assistance of the VE, the ALJ

18  concluded plaintiff could perform other jobs, such as work as a document preparer, final

19  assembler, and hand packager.   The ALJ, therefore, concluded plaintiff was not disabled from

20  the alleged onset date through the date of the decision.

21       This Court's review of the ALJ's decision is limited to whether the decision is in

22  accordance with the law and the findings supported by substantial evidence in the record as a

ORDER
PAGE -3

01  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means

02  more than a scintilla, but less than a preponderance; it means such relevant evidence as a

03  reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

04  F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which

05  supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

06  F.3d 947, 954 (9th Cir. 2002).

07          Plaintiff argues the ALJ failed to properly assess medical opinion evidence, implicating

08  the credibility and RFC assessments, the hypothetical proffered to the VE, and the decision at

09  step five.  He requests remand for further administrative proceedings.  The Commissioner

10  maintains the ALJ's decision has the support of substantial evidence and should be affirmed.

11                                    Medical Opinion Evidence

12          Plaintiff asserts error in the ALJ's assessment of medical opinions from treating

13  physician Dr. Curtis Reinke and examining psychiatrist Dr. Daniel Kodner.   The ALJ afforded

14  greater weight to the contradictory opinions of examining physician Dr. Peter Pfeiffer, and

15  nonexamining physicians Drs. Norman Staley, Vincent Gollogly, and John Gilbert.    In

16  general, more weight should be given to the opinion of a treating physician than to a

17  non-treating physician, and more weight to the opinion of an examining physician than to a

18  non-examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  In this case,

19  given the existence of contradictory opinion evidence, the ALJ was required to provide specific

20  and legitimate reasons, supported by substantial evidence in the record, for rejecting the

21  opinions of Drs. Reinke and Kodner.  *Id*. at 830-31.

22          An ALJ may reject physicians' opinions "by setting out a detailed and thorough

ORDER
PAGE -4

01  summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

02  making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*,

03  881 F.2d at 751).  Rather than merely stating her conclusions, the ALJ "must set forth [her]

04  own interpretations and explain why they, rather than the doctors', are correct."  *Id*.  (citing

05  *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

06  A.   Dr. Curtis Reinke

07         The ALJ assigned little weight to a December 2011 medical source statement in which

08  treating physician Dr. Reinke "checked a box" indicating plaintiff had significant fatigue, was

09  moderately limited in social functioning, markedly limited in completing tasks due to

10  deficiencies in concentration, persistence, or pace, and could not stand, sit, work, lift, bend, or

11  stoop, and would miss work more than three times a month.  (AR 26, 349-51.)  The ALJ

12  acknowledged Dr. Reinke was a treating source, but did not find the medial source statement

13  persuasive as it was inconsistent with Dr. Reinke's "own treatment records, which largely

14  showed only medication management with periodic mention of increased pain symptoms."

15  (AR 26.)  She also noted that Dr. Reinke advised "a complete physical evaluation should be

16  done; but . . . was not done at the time" Dr. Reinke completed the form.  (*Id*.)

17         Plaintiff denies inconsistency with Dr. Reinke's treatment notes, pointing to various

18  observations and notations in the record.  (*See* Dkt. 12 at 6-7.)  He maintains the ALJ's

19  reasoning in relation to Dr. Reinke was conclusory, lacking identification of the facts and

20  conflicting evidence relied upon, or an interpretation and findings from the ALJ.  Plaintiff also

21  states Dr. Reinke said the form was completed without plaintiff in attendance and he would do

22  physical capacity testing to get more accurate.  (AR 351.)  He argues the ALJ impermissibly

ORDER
PAGE -5

01 rejected Dr. Reinke's opinion because it was ambiguous or required additional information, and

02 failed in her duty to fully and fairly develop the record.   The Court, however, finds no error in

03 the consideration of Dr. Reinke's opinions.

04       The ALJ accurately described Dr. Reinke's opinions as consisting of checked boxes,

05 and reasonably discounted the opinions as provided in the absence of a physical examination.

06 20 C.F.R. § 404.1527 ("The more a medical source presents relevant evidence to support an

07 opinion, particularly medical signs and laboratory findings, the more weight we will give that

08 opinion."); *Molina v. Astrue*, 674 F.3d 1103, 1111 (9th Cir. 2012) (ALJ may "'permissibly

09 reject[] . . . check-off reports that [do] not contain any explanation of the bases of their

10 conclusions.'"); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1995) (evaluations permissibly

11 rejected "because they were check-off reports that did not contain any explanation of the bases

12 of their conclusions.") (citing *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983) (expressing

13 preference for individualized medical opinions over check-off reports)).   "The ALJ need not

14 accept the opinion of any physician, including a treating physician, if that opinion is brief,

15 conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957.

16 *Accord Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004).

17       The ALJ further properly rejected Dr. Reinke's opinions as inconsistent with his own

18 treatment records.   *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting

19 physician's opinion due to discrepancy or contradiction between opinion and the physician's

20 own notes or observations is "a permissible determination within the ALJ's province.");

21 *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ appropriately

22 considers internal inconsistencies within and between physicians' reports).   While plaintiff

ORDER
PAGE -6

01 points to portions of the treatment notes as supporting his claim, the ALJ reasonably and

02 rationally construed the records as largely reflecting medication management with periodic

03 mention of increased pain symptoms.  (*See* AR 237-316, 331-48.)  "Where the evidence is

04 susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be

05 upheld."  *Morgan*, 169 F.3d at 599 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.

06 1995)).

07      Also, the proper support and explanation for the ALJ's reasoning is apparent upon

08 review of the decision as a whole, which includes a detailed description of a number of

09 treatment records from Dr. Reinke.  (*See* AR 24.)  While the ALJ included that description

10 earlier in the decision, "[a]s a reviewing court, we are not deprived of our faculties for drawing

11 specific and legitimate inferences from the ALJ's opinion."  *Magallanes*, 881 F.2d at 755.

12      Finally, plaintiff fails to support his contention that the ALJ failed in her duty to develop

13 the record.  An ALJ has an obligation to recontact a treating physician or psychologist when

14 the evidence received is inadequate for a determination of disability.  20 C.F.R. §  404.

15 1512(e).  *See also Widmark v. Barnett*, 454 F.3d 1063, 1068 (9th Cir. 2006) ("[T]he ALJ

16 should not be 'a mere umpire' during disability proceedings. Rather, the ALJ has 'a special duty

17 to fully and fairly develop the record and to assure that the claimant's interests are

18 considered.'") (quoted sources omitted).  The "ALJ's duty to develop the record further is

19 triggered only when there is ambiguous evidence or when the record is inadequate to allow for

20 proper evaluation of the evidence."  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir.

21 2001).  *See also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous

22 evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation

ORDER
PAGE -7

01  of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'") (quoted source

02  omitted).

03      In this case, the opinion evidence from Dr. Reinke was not ambiguous; Dr. Reinke

04  clearly found plaintiff incapable of work.   (*See* AR 350.)   *Cf. McLeod v. Astrue*, 640 F.3d 881,

05  885 (9th Cir. 2011) ("Rejection of the treating physician' opinion on ability to perform any

06  remunerative work does not by itself trigger a duty to contact the physician for more

07  explanation.")  He also appeared to concede that physical capacity testing would provide a

08  more accurate picture of plaintiff's abilities.   (*See* AR 351.)   It is unclear why Dr. Reinke did

09  not conduct such testing, at that time or at any point during his treatment of plaintiff.

10  However, the Court is not convinced this observation rendered the record inadequate to allow

11  for proper evaluation of the evidence, or otherwise triggered the ALJ's duty to develop the

12  record.   Instead, the ALJ reasonably relied on opinion evidence from examining physician Dr.

13  Pfeiffer (AR 26, 317-20) and nonexamining physician Dr. Staley (AR 26, 95-97) in finding

14  plaintiff capable as assessed in the RFC.   *See*, *e.g.*, *Bayliss,* 427 F.3d at 1217 (finding no duty

15  to recontact where doctor's opinion was not supported by clinical evidence and was based on

16  claimant's subjective complaints and the ALJ found the record adequate to make a

17  determination as to disability).   For this reason, and for the reasons stated above, plaintiff fails

18  to demonstrate error in the ALJ's consideration of the evidence from Dr. Reinke.

19  B.   Dr. Daniel Kodner

20      The ALJ gave great weight to the opinions of examining psychiatrist Dr. Kodner that

21  plaintiff is able to perform simple and repetitive tasks, finding it consistent with his

22  contemporaneous mental evaluation, and found his opinions that plaintiff was able to accept

ORDER
PAGE -8

01   instructions from supervisors and interact with coworkers and the public not inconsistent with

02   the assessed RFC.  (AR 27, 325.)  However, the ALJ did not accept other opinions of Dr.

03   Kodner, including that plaintiff would be unlikely to perform work activities on a constant basis

04   without special or additional instruction because of his mental disorder and would not be able to

05   maintain regular attendance in the workplace.  (*Id.*)  The ALJ assigned these opinions little

06   weight in concluding they rested heavily on plaintiff's subjective complaints, which the ALJ

07   found to be of questionable reliability.  (*Id.*)

08          In asserting error, plaintiff denies that Dr. Kodner's opinions were brief, conclusory, or

09   inadequately supported by clinical findings.  *See Tonapetyan*, 242 F.3d at 1150.  However,

10   the ALJ did not find as such.  Instead, the ALJ assigned the opinions little weight upon

11   concluding Dr. Kodner relied heavily on plaintiff's subjective reports, which the ALJ found not

12   credible.  "An ALJ may reject a treating [or examining] physician's opinion if it is based 'to a

13   large extent' on a claimant's self-reports that have been properly discounted as incredible."

14   *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan*, 169 F.3d at 602).

15          Plaintiff also challenges the ALJ's conclusion that Dr. Kodner relied on his subjective

16   complaints by pointing to portions of Dr. Kodner's report.   He notes the fact that, on testing, he

17   was unable to recall three objects after five minutes and had errors in performing "serial 7s, "

18   and that Dr. Kodner observed he "appear[ed] to be in physical pain" and "also appear[ed]

19   significantly depressed, more so than he actually endorse[d]."  (AR 324-25.)  However, Dr.

20   Kodner's report can also reasonably be construed as relying significantly on plaintiff's

21   subjective complaints.  (*See*, *e.g.*, AR 325 (stating plaintiff "feels overwhelmed by his

22   depression and anxiety and he cannot visualize himself working at this time[,]" and basing

ORDER
PAGE -9

01   opinion that plaintiff would not be able to maintain regular attendance/would have severe

02   difficulties completing a normal workday/week without interruptions "because of his severe

03   depression and anxiety at this time.")   Because the ALJ's interpretation of Dr. Kodner's

04   report was rational, his decision should be upheld.   *Morgan*, 169 F.3d at 599.

05        In addition, the ALJ also reasonably relied on contradictory opinion evidence from

06   non-examining physicians Drs. Gollogly and Gilbert.   (AR 26-27, 81-88, 90-95.)   The ALJ is

07   responsible for resolving conflicts in the medical record, *Carmickle v. Comm'r of SSA*, 533 F.3d

08   1155, 1164 (9th Cir. 2008), and when evidence reasonably supports either confirming or

09   reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ,   *Tackett*

10   *v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).   In this case, plaintiff fails to demonstrate error

11   in the ALJ's consideration of the opinions of Dr. Kodner.

12                                    Other Alleged Errors

13        Plaintiff maintains the errors alleged in the consideration of the medical opinion

14   evidence implicate the ALJ's RFC and credibility assessments, the hypothetical proffered to the

15   VE, and the conclusion at step five.   However, the Court finds no error in the ALJ's

16   consideration of the medical opinion evidence, and plaintiff raises no other separate and

17   specific assignments of error for the Court to address.   *See generally Carmickle*, 533 F.3d at

18   1161 n.2 (declining to address issues not argued with any specificity) (citing *Paladin Assocs.,*

19   *Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (the court "ordinarily will not

20   consider matters on appeal that are not specifically and distinctly argued in an appellant's

21   opening brief").)   The ALJ need not include in the RFC assessment, or hypothetical to the VE,

22   properly discounted opinion evidence or claimant testimony.   *See Bayliss*, 427 F.3d at

01   1217-18; *Batson*, 359 F.3d at 1197.   Nor does the mere restating of plaintiff's arguments

02   suffice to demonstrate error at steps four or five.   *See Stubbs-Danielson v. Astrue*, 539 F.3d

03   1169, 1175-76 (9th Cir. 2008).   Plaintiff, as such, fails to demonstrate any error in the ALJ's

04   decision.

05                                          **<u>CONCLUSION</u>**

06            For the reasons set forth above, this matter is AFFIRMED.

07            DATED this <u>2nd</u> day of May, 2014.

08

09                                                        _____
                                                          Mary Alice Theiler

10                                                        Chief United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER
PAGE -11